**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON FOLLICK, | ) Case No.: |
| | ) |
| | ) COMPLAINT |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Civil Action |
| | ) |
| SEARS, ROEBUCK & CO. | ) |
| | ) JURY TRIAL |
| DEFENDANT. | ) DEMANDED |

**COMPLAINT**

Plaintiff, JASON FOLLICK, by and through his attorney, Richard M. Manzella, complains of and alleges a cause of action as follows:

**JURISDICTION**

1. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331.

**VENUE**

2. Venue is proper in this district because the Defendant is located in this district and Plaintiff is a resident of this district and the acts complained of occurred within this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3. Plaintiff filed a timely charge (No. 2006SF1775) with the Illinois Department of Human Rights ("IDHR") dated January 12, 2006 ("First Charge") and cross-filed the Charge with the Equal Employment Opportunity Commission ("EEOC") alleging, among other things, Defendant's failure to continue to provide Plaintiff with a reasonable accommodation in his commissioned position as Customer Service Associate ("CSA") performing tire sales work.

COMPLAINT - 1 -

4. MR. FOLLICK filed an Amended Charge with the IDHR received by the IDHR on March 28, 2006 ("Amended Charge"), alleging retaliation to Plaintiff's First Charge and cross-filed the Amended Charge with the EEOC.

5. On May 14, 2007, Plaintiff's counsel received a Notice of Right to Sue from the EEOC, by U.S. Certified Mail, that was dated May 9, 2007, attached hereto as **Exhibit 1**.

PARTIES

6. Plaintiff, JASON FOLLICK ("MR. FOLLICK"), is an adult male resident of Minier, Illinois. At all times mentioned within the complaint, Plaintiff resided in McLean County, Illinois.

7. Defendant, SEARS, ROEBUCK & CO. ("SEARS") is a corporation with approximately 3,800 full-line and specialty retail stores in the United States and Canada including numerous stores located in Illinois and a place of business located at 1631 E. Empire in Bloomington, Illinois ("Bloomington Store").

FACTS

8. MR. FOLLICK has a history of a disability and/or a physical disability and/or SEARS perceived MR. FOLLICK as disabled (hereafter "disability" or "disabled") beginning from the time of his work at Defendant's Madison, Wisconsin store and continuing until he was hired at the Bloomington Store and continuing further to the present day.

9. MR. FOLLICK was diagnosed with degenerative disk disease in 1994 and pursuant to a surgical procedure in March 2003, MR. FOLLICK had the L5/S1 disk(s) replaced with two titanium cages supporting his spine.

10. MR. FOLLICK was employed by SEARS in Bloomington, Illinois since January 17, 2005, in a position of CSA performing tire sales.

COMPLAINT - 2 -

11. Prior to MR. FOLLICK'S employment at the Bloomington Store MR. FOLLICK performed essentially the same job duties in a facility owned and operated by SEARS located in Madison, Wisconsin.

12. During most of calendar year 2005, MR. FOLLICK earned $6.50/hour plus approximately ten thousand dollars ($10,000.00) in commissions based on net sales in his position as a CSA.

13. At the time of MR. FOLLICK'S transfer to Defendant's Bloomington Store from a Sears Auto Center located in Madison, Wisconsin, agents of Defendant at the Bloomington Store were made fully aware of Plaintiff's prior back injury and surgical procedure related to this back injury that resulted in a permanent physical restriction limiting the frequency of lifting twenty (20) pounds from floor level on up.

14. The information related to the restrictions described in paragraph thirteen (13) was provided to an agent for SEARS, Mr. Ken Wright, and other management personnel at the SEARS Bloomington Store.

15. During MR. FOLLICK'S work as CSA performing retail tire sales in both the Wisconsin Store and the Bloomington Store for SEARS, MR. FOLLICK was able to perform the essential functions of the job with the accommodation of receiving occasional and very brief assistance of coworkers with the movement of generally only the very heaviest tires sold in the store.

16. The assistance provided to MR. FOLLICK by other coworkers since his hire by SEARS required, on average, less than ten (10) minutes time per work shift.

17. During MR. FOLLICK's work as a CSA performing retail tire sales MR. FOLLICK regularly met or exceeded performance goals and in 2005 MR. FOLLICK attained the second highest net sales among a group of eighteen other employees.

18. Shortly after information related to MR. FOLLICK's restrictions was provided to the store manager of the Bloomington Store, Ms. Woodworth ("Ms. Woodworth"), MR. FOLLICK's hourly wage was reduced from $6.50/hour to $5.50/hour and MR. FOLLICK was required to submit a Health Care Provider Certification from Plaintiff's physician regarding his ability to perform the job of CSA.

19. Sometime in December of 2005, Ms. Woodworth approached MR. FOLLICK about his physical restrictions and stated directly to MR. FOLLICK and MR. FOLLICK's direct supervisor, Ms. Brenda Miller, that she would never have hired the Plaintiff in his current position had she known about Plaintiff's restrictions.

20. MR. FOLLICK's physician, Dr. Ghanayem, completed and provided the required Health Care Provider Certification to SEARS on or about December 27, 2005.

21. Despite the fact that the completed Health Care Provider Certification indicated that MR. FOLLICK could perform his current position with the existing accommodations in place, after Ms. Woodworth reviewed the completed Health Care Provided Certification Ms. Woodworth told MR. FOLLICK that Plaintiff would need to either take FMLA leave or accept a cashier position in the Bloomington Store.

22. Ms. Woodworth then required MR. FOLLICK to submit a Health Care Provider Certification from MR. FOLLICK's physician regarding Plaintiff's ability to perform the job of a cashier.

23. The position of a cashier does not earn commissions based on net sales and resulted in a significant reduction in pay compared to MR. FOLLICK's position as a CSA.

24. Without explanation MR. FOLLICK was removed from the work schedule for the entire week of January 15-21, 2006, because of Plaintiff's disability and MR. FOLLICK was required to take accrued vacation time in order to receive any compensation for this week of work.

25. SEARS reduced MR. FOLLICK' hourly wages from $6.50/hour to $5.50/hour sometime on or about early October 2005, because of MR. FOLLICK'S disability.

26. SEARS retaliated against MR. FOLLICK as a result of Plaintiff's filing and/or threatening to file his First Charge with the IDHR.

27. MR. FOLLICK was transferred to a position of cashier in the Men's area of the store in retaliation for filing and/or threatening to file his First Charge.

28. Despite SEARS' knowledge that MR. FOLLICK was able to perform the essential functions of his previous position of CSA with a reasonable accommodation, SEARS retaliated by requiring MR. FOLLICK to remain in his lesser-paid Cashier position and refused to reassign him to his CSA position until he voluntarily left employment at the Bloomington Store.

29. In the weeks immediately following MR. FOLLICK's required transfer to the position of a cashier in the Men's area of the Bloomington Store MR. FOLLICK learned all of the required tasks and performed all work in a satisfactory manner and, on at least one occasion, was specifically told that he was performing at a high level.

30. In retaliation for filing his First Charge, MR. FOLLICK was provided a copy of a document titled "I KNOW IT" COUPON RECORD OF CURRENT TRAINING that reportedly was distributed to all current CSAs and Tire Technicians and prohibited these individuals from entering the Men's area of the store, the area in which Plaintiff worked.

31. The CSAs and Tire Technicians work in a location immediately adjacent to the Men's area of the Bloomington Store.

32. The restriction preventing CSAs and Tire Technicians from entering the Men's area of the Bloomington Store was retaliatory and no business justification existed for a rule prohibiting only CSAs and Tire Technicians' presence in the Men's area.

33. One or more CSAs and/or Tire Technicians working at the Bloomington Store refused to sign the document restricting CSAs and Tire Technicians' presence in the Men's area of the Bloomington Store believing that the purpose of this restriction was retaliatory in nature as a result of MR. FOLLICK's filing of a charge of discrimination.

34. Without explanation MR. FOLLICK was removed from the work schedule for the entire week of January 15-21, 2006, because of Plaintiff's filing and/or threatening to file his First Charge and MR. FOLLICK was required to take accrued vacation time in order to receive any compensation for this week of work.

## JURY TRIAL

35. A jury trial is demanded in the above-entitled action.

## CLAIMS FOR RELIEF

**Violation of the Americans with Disabilities Act of 1990, as amended ("ADA")**

Plaintiff incorporates all of the above paragraphs as though set forth at length herein.

36. Plaintiff is substantially limited in one or more major life activities as a result of his physical impairment and/or Plaintiff has a history of a disability and/or Plaintiff was perceived by Defendant as an individual with a disability and is protected from discrimination on account of his disability.

37. Plaintiff was able to perform the essential functions of his position of CSA with a reasonable accommodation.

38. Plaintiff has an impairment that is permanent or long term and prevents and/or severely restricts him from performing activities that are of central importance to most people's daily lives, including but not limited to, the major life activities of sleeping, standing and sitting for more than brief periods without the ability to move about, driving for periods of more than thirty minutes, engaging in physical play with his children and working.

39. As a result of his impairment, Plaintiff is substantially limited in one or more major life activities, including the major life activity of working, and is unable to perform a large class of jobs involving physical and/or manual tasks requiring lifting without a reasonable accommodation.

40. SEARS previously provided a reasonable accommodation for Plaintiff at the Wisconsin Store and for a time at the Bloomington Store allowing Plaintiff to satisfactorily perform the position of CSA.

41. It was not an undue hardship for SEARS to continue to provide the reasonable accommodation afforded to Plaintiff in his position of CSA.

42. Plaintiff posed no substantial risk of harm to himself or others had SEARS continued to accommodate Plaintiff in his position of CSA.

43. Defendant is an employer as defined in 42 U.S.C. §2000e(b) and the Americans with Disabilities Act of 1990, as amended.

44. As a proximate result of the foregoing, Plaintiff has been denied equal employment opportunity and subjected to discrimination from his employer's failure to continue to accommodate Plaintiff in his CSA position and further in his employer's discrimination against Plaintiff on account of his disability with respect to wages and other terms and conditions of employment on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended.

45. The aforementioned discriminatory acts of Defendant were undertaken vexatiously and in a willful and deliberate manner to deprive Plaintiff of his rights under the ADA and other rights and privileges that Plaintiff enjoyed by operation of law.

46. Because of the unlawful acts of the defendant, Plaintiff has suffered damages in the form of lost pay and benefits and emotional distress.

## II. Retaliation

Plaintiff incorporates all of the above paragraphs as though set forth at length herein.

47. In retaliation for filing and/or threatening to file his First Charge SEARS required Plaintiff to transfer to a position with substantially-reduced pay and other reduced-benefits of employment and subjected Plaintiff to other adverse terms and conditions of employment as a reprisal for filing his First Charge.

48. Sears was prohibited from engaging in retaliation and coercion against Plaintiff because the Plaintiff opposed an act or practice made unlawful by the ADA and/or Title VII, Civil Rights Act of 1964, as amended, because Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

49. The aforementioned discriminatory acts of Defendant were undertaken vexatiously and with the express purpose and intent of harassing, intimidating and retaliating against Plaintiff for objecting to discrimination and/or SEARS' failure to accommodate Plaintiff's disability and Plaintiff otherwise engaging in protected EEO activity.

50. Because of the unlawful acts of the defendant, Plaintiff has suffered damages in the form of lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff respectfully prays that this court:

1. Issue an order enjoining Defendant to cease and desist from the unlawful employment practices described above.

2. Award Plaintiff back pay, including overtime pay, pension benefits, and all other employment benefits which would have accrued if Plaintiff had not suffered employment discrimination in an amount sufficient to make Plaintiff whole.

3. Award Plaintiff front pay in whatever amount is deemed appropriate if reinstatement is determined at trial to be impractical.

4. Award Plaintiff compensatory damages for his emotional suffering in whatever amount is deemed appropriate to make Plaintiff whole.

5. Award Plaintiff punitive damages in the maximum extent permitted by law.

6. Award Plaintiff attorney fees, including expert witness fees, if any.

7. Award Plaintiff costs, interest, and such other relief, as this Court may deem proper.

Dated this 23rd day of May, 2007,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax    (815) 366-4800

* EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

RECEIVED MAY 2007 E-FILED
Wednesday, 23 May, 2007 02:12:18 PM
EXHIBIT 1
Clerk, U.S. District Court, ILCD

| | | | |
|---|---|---|---|
| To: | Jason Follick<br>300 South East St<br>Danvers, IL 61732 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

**CERTIFIED MAIL NO. 7001 0320 0006 1098 0586**
**(CP Attorney)**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00860 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*        May 9, 2007

Enclosures(s)        John P. Rowe,        *(Date Mailed)*
                     District Director

cc:    **SEARS AUTO CENTER**

✎JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

E-FILED
Wednesday, 23 May, 2007  02:12:30 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.