IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON FOLLICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.:   1:07-CV-01133-JBM-JAG |
| ) | |
| SEARS, ROEBUCK & CO., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SEARS, ROEBUCK & CO.'S ANSWER TO
PLAINTIFF JASON FOLLICK'S COMPLAINT**

COMES NOW Defendant Sears, Roebuck & Co. ("Sears") and for its Answer to Plaintiff Jason Follick's Complaint, states as follows:

1.   With regard to the allegations set forth in Paragraph 1 of Plaintiff's Complaint, Sears admits that this Court has jurisdiction over the allegations raised in Plaintiff's Complaint.

2.   With regard to the allegations set forth in Paragraph 2 of Plaintiff's Complaint, Sears admits that venue is proper in this Court.

3.   With regard to the allegations set forth in Paragraph 3 of Plaintiff's Complaint, Sears admits that Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights, but is without sufficient information to admit or deny the remainder of allegations and therefore, denies the same.

4.   With regard to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Sears admits that Plaintiff filed an Amended Charge of Discrimination with the Illinois Department of Human Rights, but is without sufficient information to admit or deny the remainder of allegations and therefore, denies the same.

5. With regard to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Sears admits that the EEOC issued a Notice of Right to Sue letter on May 9, 2007, but is without sufficient information to admit or deny when Plaintiff received the same.

6. With regard to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Sears is without sufficient information to admit or deny Plaintiff's residency, and therefore, denies the same.

7. With regard to the allegations set forth in Paragraph 7 of Plaintiff's Complaint, Sears admits that it has full line and specialty retail stores, but denies that it has approximately 3,800 stores in the United States and Canada. Sears admits that it has a location in Bloomington, Illinois.

8. With regard to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Sears denies those allegations.

9. With regard to the allegations set forth in Paragraph 9 of Plaintiff's Complaint, Sears is without sufficient information to admit or deny those allegations and therefore, denies the same.

10. With regard to the allegations set forth in Paragraph 10 of Plaintiff's Complaint, Sears admits that Plaintiff was employed at a Bloomington, Illinois Sears' location, but denies that he was been continuously employed as a Customer Service Advisor since January 17, 2005.

11. With regard to the allegations set forth in Paragraph 11 of Plaintiff's Complaint, Sears admits that Plaintiff formerly worked at a Sears' location in Madison, Wisconsin, but is without sufficient information to admit or deny whether Plaintiff performed essentially the same job duties and therefore, denies the same.

12. With regard to the allegations set forth in Paragraph 12 of Plaintiff's Complaint, Sears admits that Plaintiff's base pay was $6.50 per hour during portions of 2005 and that he was eligible for commissions, but is without sufficient information to admit or deny the specific amount of Plaintiff's commissions and therefore, denies the same.

13. With regard to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, Sears denies those allegations.

14. With regard to the allegations set forth in Paragraph 14 of Plaintiff's Complaint, Sears denies those allegations.

15. With regard to the allegations set forth in Paragraph 15 of Plaintiff's Complaint, Sears denies those allegations.

16. With regard to the allegations set forth in Paragraph 16 of Plaintiff's Complaint, Sears is without sufficient information to admit or deny those allegations and therefore, denies the same.

17. With regard to the allegations set forth in Paragraph 17 of Plaintiff's Complaint, Sears denies those allegations.

18. With regard to the allegations set forth in Paragraph 18 of Plaintiff's Complaint, Sears admits that Plaintiff's pay was reduced to conform to the pay for his position and admits that Plaintiff was asked to provide a healthcare provider certification form, but denies the remaining allegations and denies that its actions were retaliatory.

19. With regard to the allegations set forth in Paragraph 19 of Plaintiff's Complaint, Sears is without sufficient information to admit or deny those allegations and therefore, denies the same.

20. With regard to the allegations set forth in Paragraph 20 of Plaintiff's Complaint, Sears admits those allegations.

21. With regard to the allegations set forth in Paragraph 21 of Plaintiff's Complaint, Sears denies those allegations.

22. With regard to the allegations set forth in Paragraph 22 of Plaintiff's Complaint, Sears admits those allegations.

23. With regard to the allegations set forth in Paragraph 23 of Plaintiff's Complaint, Sears admits that the position of Cashier does not earn commissions on net sales, but is without specific information to admit or deny the further allegations in Paragraph 23, and therefore denies the same.

24. With regard to the allegations set forth in Paragraph 24 of Plaintiff's Complaint, Sears admits that Plaintiff was not scheduled to work January 15-21, 2006, but denies the remaining allegations.

25. With regard to the allegations set forth in Paragraph 25 of Plaintiff's Complaint, Sears admits that Plaintiff's pay was reduced from $6.50 per hour to $5.50 per hour to conform to his position, but denies that any change was discriminatory or retaliatory.

26. With regard to the allegations set forth in Paragraph 26 of Plaintiff's Complaint, Sears denies those allegations.

27. With regard to the allegations set forth in Paragraph 27 of Plaintiff's Complaint, Sears denies those allegations.

28. With regard to the allegations set forth in Paragraph 28 of Plaintiff's Complaint, Sears denies those allegations.

29. With regard to the allegations set forth in Paragraph 29 of Plaintiff's Complaint, Sears denies those allegations.

30. With regard to the allegations set forth in Paragraph 30 of Plaintiff's Complaint, Sears denies those allegations.

31. With regard to the allegations set forth in Paragraph 31 of Plaintiff's Complaint, Sears admits those allegations.

32. With regard to the allegations set forth in Paragraph 32 of Plaintiff's Complaint, Sears denies those allegations.

33. With regard to the allegations set forth in Paragraph 33 of Plaintiff's Complaint, Sears is without sufficient information to admit or deny those allegations and therefore, denies the same.

34. With regard to the allegations set forth in Paragraph 34 of Plaintiff's Complaint, Sears admits that Plaintiff was not on the schedule from January 15-21, 2006, but denies that its actions were discriminatory or retaliatory.

## JURY TRIAL

35. With regard to the allegations set forth in Paragraph 35 of Plaintiff's Complaint, Sears admits that Plaintiff has demanded a jury trial.

## CLAIMS FOR RELIEF

**I. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED ("ADA")**

Sears incorporates its responses to Paragraphs 1 through 35 of Plaintiff's Complaint, as if fully set forth herein.

36. With regard to the allegations set forth in Paragraph 36 of Plaintiff's Complaint, Sears denies those allegations.

37. With regard to the allegations set forth in Paragraph 37 of Plaintiff's Complaint, Sears denies those allegations.

38. With regard to the allegations set forth in Paragraph 38 of Plaintiff's Complaint, Sears denies those allegations.

39. With regard to the allegations set forth in Paragraph 39 of Plaintiff's Complaint, Sears denies those allegations.

40. With regard to the allegations set forth in Paragraph 40 of Plaintiff's Complaint, Sears is without sufficient information to admit or deny those allegations and therefore, denies the same.

41. With regard to the allegations set forth in Paragraph 41 of Plaintiff's Complaint, Sears denies those allegations.

42. With regard to the allegations set forth in Paragraph 42 of Plaintiff's Complaint, Sears denies those allegations.

43. With regard to the allegations set forth in Paragraph 43 of Plaintiff's Complaint, Sears admits those allegations.

44. With regard to the allegations set forth in Paragraph 44 of Plaintiff's Complaint, Sears denies those allegations.

45. With regard to the allegations set forth in Paragraph 45 of Plaintiff's Complaint, Sears denies those allegations.

46. With regard to the allegations set forth in Paragraph 46 of Plaintiff's Complaint, Sears denies those allegations.

47. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

48. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that whatever damages, if any, Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

49. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff has failed to comply with the statutory and regulatory requirements necessary to bring this action against Sears.

50. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff failed to exhaust his administrative remedies.

51. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff's claims are barred by the statute of limitations.

52. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that any action taken with respect to Plaintiff was job related and has been done with business justification and because of business necessity.

53. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that any job requirements were job related and consistent with business necessity.

54. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it would have taken the same actions regarding Plaintiff's employment even absent any alleged discriminatory motive.

55. For further answer and affirmative defense, Sears states that Plaintiff does not have a physical or mental impairment that substantially limits one or more major life activities.

56. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not suffer any alleged adverse employment action because of his alleged disability.

57. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not request any accommodation for his alleged disability.

58. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it made good faith efforts to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity and would not provide an undue hardship on Sears' business.

59. For further answer and affirmative defense, pleading hypothetically and in the alternative, it would have been an undue hardship to accommodate Plaintiff's alleged disability.

60. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it had legitimate, non-discriminatory reasons for any actions taken against Plaintiff.

61. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that to allow Plaintiff to continue as a Customer Service Advisor in tire sales would have been a direct threat to Plaintiff or others.

62. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not suffer any tangible employment action because of his alleged disability.

63. For further answer and affirmative defense, Sears states that Plaintiff was not perceived as having a physical or mental impairment that substantially limits one or more major life activities.

64. For further answer and affirmative defense, Sears states that Plaintiff did not have any condition for which one could perceive him as disabled.

65. For further answer and affirmative defense, Sears states that Plaintiff was not treated as having an impairment that substantially limits a major life activity.

66. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not suffer any alleged adverse employment action because he was allegedly regarded as having a disability.

67. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff does not have a history of disability.

68. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not suffer any alleged adverse employment action because he allegedly had a history of disability.

69. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that at all times relative to Plaintiff's employment: a) it had a policy against harassment and discrimination with a complaint procedure in place; b) Sears addressed Plaintiff's alleged claims; and c) that Plaintiff unreasonably failed to avail himself of the preventative or corrective opportunities provided to him by Sears or to avoid harm otherwise.

70. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not engage in any protected activity.

71. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff was not subject to an adverse employment action because of any protected activity.

72. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it would have taken the same actions regarding Plaintiff's employment even absent any alleged retaliatory motive.

73. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that there is no causal connection between any protected activity and any alleged employment action taken with respect to Plaintiff.

74. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it had legitimate, non-retaliatory reasons for any actions taken against Plaintiff.

75. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that at all times relative to this claim: (a) it had a policy against retaliation; (b) Sears addressed Plaintiff's alleged claim; and (c) that Plaintiff unreasonably failed to avail himself of the preventative or corrective opportunities provided to him by Sears or to avoid harm otherwise.

76. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears made good faith efforts, in consultation with Plaintiff, to make a reasonable accommodation to provide Plaintiff with an equally effective opportunity so that Plaintiff is not entitled to compensatory or punitive damages.

77. Sears states that Plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

   a) Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

   i) The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon Patriot for the same act or omission, and because an award of punitive damages can be imposed upon Patriot even though Patriot was convicted or acquitted of a factually related offense in an underlying criminal proceeding; and

   ii) The Self-Incrimination Clause is violated because Patriot can be compelled to give testimony against itself.

   b) Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature.

   c) Plaintiff's claim for punitive damages violates defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills Patriot's exercise of that right.

   d) Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed.

   e) Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment for the following reasons:

   i) The standard or test for determining the requisite mental state of Patriot for imposition of punitive damages is void for vagueness.

   ii) Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective

        standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is determinate at the time of Patriot's alleged egregious conduct.

iii)    In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant.

iv)    The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that defendant is denied equal protection of the law.

v)    Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

vi)    Grossly excessive or arbitrary punishments may be imposed on a party.

vii)    There is no notice of the severity of punishment that may be inflicted for any particular conduct.

viii)    Punitive damages allow for the arbitrary deprivation of property.

ix)    Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded.

x)    Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm Plaintiff has suffered and the amount of damages awarded.

78.    For further answer and affirmative defense, Sears states that Plaintiff's Complaint does not state a claim for punitive damages because it violates Article I, Section 2; Article I, Section 10, Article I, Section 19, Article I, Section 18(a); and Article I, Section 21 of the Missouri Constitution.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendant Sears, Roebuck and Co. prays that this Count be dismissed, together with its costs herein expended.

## II.    <u>RETALIATION</u>

Sears incorporates its responses and affirmative defenses previously set forth herein.

79. With regard to the allegations set forth in Paragraph 47 of Plaintiff's Complaint, Sears denies those allegations.

80. With regard to the allegations set forth in Paragraph 48 of Plaintiff's Complaint, Sears denies that Plaintiff engaged in any protected activity during his employment and further denies that it engaged in any retaliatory actions.

81. With regard to the allegations set forth in Paragraph 49 of Plaintiff's Complaint, Sears denies those allegations.

82. With regard to the allegations set forth in Paragraph 50 of Plaintiff's Complaint, Sears denies those allegations.

83. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

84. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that whatever damages, if any, Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

85. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff has failed to comply with the statutory and regulatory requirements necessary to bring this action against Sears.

86. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff failed to exhaust his administrative remedies.

87. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff's claims are barred by the statute of limitations.

88. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that any action taken with respect to Plaintiff was job related and has been done with business justification and because of business necessity.

89. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that any job requirements were job related and consistent with business necessity.

90. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it would have taken the same actions regarding Plaintiff's employment even absent any retaliatory motive.

91. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff did not engage in any protected activity.

92. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that Plaintiff was not subject to an adverse employment action because of any protected activity.

93. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it would have taken the same actions regarding Plaintiff's employment even absent any alleged retaliatory motive.

94. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that there is no causal connection between any protected activity and any alleged employment action taken with respect to Plaintiff.

95. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that it had legitimate, non-retaliatory reasons for any actions taken against Plaintiff.

96. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears states that at all times relative to this claim: (a) it had a policy against retaliation; (b) Sears addressed Plaintiff's alleged claim; and (c) that Plaintiff unreasonably failed to avail himself of the preventative or corrective opportunities provided to him by Sears or to avoid harm otherwise.

97. For further answer and affirmative defense, pleading hypothetically and in the alternative, Sears made good faith efforts, in consultation with Plaintiff, to make a reasonable accommodation to provide Plaintiff with an equally effective opportunity so that Plaintiff is not entitled to compensatory or punitive damages.

98. Sears states that Plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

   a) Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

      i) The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon Patriot for the same act or omission, and because an award of punitive damages can be imposed upon Patriot even though Patriot was convicted or acquitted of a factually related offense in an underlying criminal proceeding; and

      ii) The Self-Incrimination Clause is violated because Patriot can be compelled to give testimony against itself.

   b) Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature.

c)    Plaintiff's claim for punitive damages violates defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills Patriot's exercise of that right.

d)    Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed.

e)    Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment for the following reasons:

    i)    The standard or test for determining the requisite mental state of Patriot for imposition of punitive damages is void for vagueness.

    ii)    Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is determinate at the time of Patriot's alleged egregious conduct.

    iii)    In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant.

    iv)    The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that defendant is denied equal protection of the law.

    v)    Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

    vi)    Grossly excessive or arbitrary punishments may be imposed on a party.

    vii)    There is no notice of the severity of punishment that may be inflicted for any particular conduct.

    viii)    Punitive damages allow for the arbitrary deprivation of property.

    ix)    Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded.

   x)  Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm Plaintiff has suffered and the amount of damages awarded.

 99. For further answer and affirmative defense, Sears states that Plaintiff's Complaint does not state a claim for punitive damages because it violates Article I, Section 2; Article I, Section 10, Article I, Section 19, Article I, Section 18(a); and Article I, Section 21 of the Missouri Constitution.

 WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendant Sears, Roebuck and Co. prays that this Count be dismissed, together with its costs herein expended.

            s/ Charles E. Reis, IV
            Charles E. Reis, IV #6186508
            BROWN & JAMES, P.C.
            Attorneys for Defendant
            1010 Market Street, 20th Floor
            St. Louis, Missouri 63101
            (314) 421-3400
            (314) 421-3128 FAX
            creis@bjpc.com

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this **2nd day of July, 2007**, upon the following: Mr. Richard M. Manzella, Attorney for Plaintiff, 117 North Center Street, Bloomington, Illinois 61701.

            s/ Charles E. Reis, IV

8125297