E-FILED
Monday, 19 November, 2007  12:15:31 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON FOLLICK, | ) Case No.: 07-CV-1133 |
| PLAINTIFF, | ) |
| v. | ) Civil Action |
| SEARS, ROEBUCK & CO. | ) |
| DEFENDANT. | ) <u>JURY TRIAL</u><br>) <u>DEMANDED</u> |

### RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Now Comes Plaintiff, JASON FOLLICK, by and through his attorney of record and responds to Defendant's motion to compel answers to interrogatories propounded by Defendant as follows:

1. Plaintiff acknowledges that by mutual agreement between counsels, an extension to respond to Defendant's interrogatories was provided to Plaintiff's counsel until October 2, 2007.

2. Plaintiff further acknowledges that by mutual agreement between counsels, Defendant was provided an extension to respond to October 16, 2007, further allowing Defendant to amend any previously-provided responses to Plaintiff's request to admit without leave through October 16, 2007.

3. Plaintiff admits and fully apologizes to the Court and to all parties that it did not serve Plaintiff's answers to Defendant's interrogatories until November 13, 2007, and by way of explanation provides the following information in support of his argument that such delay was not contumacious or occasioned by bad faith. *To wit:*

    a. That Plaintiff's counsel submitted voluminous documents in a timely manner in response to Defendant's requests for production of documents and served said documents on October 2, 2007, providing documents consisting of 492 pages in Adobe Acrobat format with consent of Defendant's counsel on a CD.

b. That on or about October 8, 2007, Defendant's counsel notified Plaintiff via e-mail that the CD received was unreadable.

c. That in response to Defendant's notice regarding the alleged defective CD, Plaintiff's counsel immediately e-mailed the voluminous documents in Adobe Acrobat format to Defendant's counsel's proper e-mail address and printed and mailed hard copies of the 492 documents on October 8, 2007, along with Plaintiff's written responses to the production requests.

d. That Plaintiff served its answers to Defendant's interrogatories on November 12, 2007 (attached herein as **Exhibit 1**).

e. That of the nineteen (19) interrogatories (many with numerous subparts) answered by Plaintiff, the documents requests previously-provided by Plaintiff serve as the partial or full answer to Defendant's interrogatory (or its respective subpart) in at least fifteen (15) instances.

f. That Plaintiff's counsel has not previously defended a motion to compel premised upon an untimely service of responsive documents requested in discovery in any federal, state or administrative tribunal.

g. Plaintiff's counsel is a sole practitioner representing plaintiffs in employment law matters and other causes of action and is currently engaged in litigation requiring substantial time and effort during October and November in the Central District of Illinois as detailed below:

   i. *Sandra Jones v. Lowe's Home Centers, Inc.* (No. 07 CV 1129)
   ii. *Phipps v. County of McLean et al.* (No. 07 CV 1160)
   iii. *Skipper v. AGNA Hospitality, Inc.* (No. 07 CV 1164)
   iv. *Cox v. HY-VEE, INC.* (No. 07 CV 1135)
   v. *Graham v. Town of Normal* (No. 07 CV 1284)
   vi. *Crawford v. Wildwood Industries, Inc.* (No. 07 CV 1269)
   vii. *Walker et al v. Wildwood Industries, Inc.* (No. 07 CV 1272)

h.  That as a result of substantial work on the matters amounting to at least two full days in *Jones v. Lowes* and *Skipper v. AGNA Hospitality*, the *Jones* claim has been settled and the *Skipper* claim is expected to be settled in the near term.

i.  That discovery in the *Cox* case required Plaintiff's counsel to devote substantial time of at least one full day to respond to ongoing discovery requests.

j.  That discovery in the *Phipps* case required Plaintiff's counsel to devote substantial time of at least one and one-half days to respond to ongoing discovery requests.

k.   That the pre-filing investigation and drafting of the claims in the *Crawford* and *Walker et al.* claims were very intensive, requiring no less than two full days.

l.  Plaintiff's counsel is currently engaged in litigation requiring substantial time and effort during October and November in Circuit Courts as detailed below:

  i.  *Alisa Paulk, et. al. v. ODC, Inc.* (11th Judicial Circuit: 07-L-89)
  ii.  *Sandra Jones v. Dennison Auto Center* (11th Judicial Circuit: 06-L-107)
  iii.  *Dr. James Vales v. OSF* (11th Judicial Circuit: 07-L-17)
  iv.  *Young American Realty v. James Kallas* (11th Judicial Circuit: 98-AR-594)
  v.  *Chicago Spotlight, Inc. v. James Kallas* (11th Judicial Circuit: 98-AR-781)
  vi.  *Michael Gibson v. R.D. Watson Construction, Inc.* (11th Judicial Circuit: 06-L-109)
  vii.  *Good v. U.S. Autos, Inc.* (11th Judicial Circuit: 07-AR-297)
  viii.  *George A. Hafley v. Shad Childs and XPAC* (11th Judicial Circuit: 07-AR-177)
  ix.  *William Herman v. PMC* (5th Judicial Circuit: 07-L-48D-001)

m.  That the deposition of Plaintiff occurred in the *Gibson* matter on October 5, 2007, and depositions of three witnesses occurred in the *Hafley* matter on October 26, 2007 (rescheduled twice), and the deposition of the Plaintiff in *Herman* occurred on October 19, 2007.

n.  That substantial time conducting discovery in the Alisa Paulk (21 Plaintiffs) has taken place throughout the months of September and October amounting to at least two full days.

o.  That numerous court appearances have been required in the two collection matters regarding James Kallas.

p.  That two court appearances and several motions have been filed in regard to Jones matter during October and November 2007.

q.  Plaintiff's counsel is currently engaged in litigation requiring substantial time and effort before the Human Rights Commission as detailed below:

   i.  *Michelle Brame v. AFNI* (ALS No. S07-327)

   ii. *Sharon Shephard v. Garden of Paradise* (ALS No. S07-326)

r.  That the depositions of Plaintiff and three other witnesses occurred October 11, 2007, in the *Shephard* matter.

s.  That discovery requests regarding both the *Shephard* and *Brame* matters requiring more than two full days occurred in September and October 2007.

t.  That Plaintiff fully investigated and filed an Equal Pay Act claim requiring more than one full day of work with the Illinois Department of Labor in the matter of *Lou Ann Hayford v. Country Companies*.

u.  That Plaintiff has filed an argued several oral motions and drafted several written motions beginning in early October and extending through October 31, 2007, in regard to a complaint filed in the Town of Normal's Human Relations Commission (No. 07E1YTD3) requiring nearly one full day.

    v.  During the relevant time period, Plaintiff's counsel had ongoing duties to existing clients with complaints filed with the Department of Human Rights and/or the EEOC for at least six (6) additional clients.

    w.  During much of the relevant time period, Plaintiff's counsel did not have paralegal assistance within his office and consequently was also required to attend to all of the administrative and clerical details of his law practice.

    x.  That as a result of the above-described case responsibilities and administrative duties involved with maintaining his practice, Plaintiff's counsel could not reasonably comply with the agreed-upon extension.

    y.  That, in an effort to comply in the future with Court-imposed discovery deadlines and/or agreement for extension relating to litigation deadlines, Plaintiff has hired paralegal support to provide assistance during at least two days each week.

WHEREFORE, Plaintiff requests that in light of the above reasons for its delay in responding to Defendant's discovery and particularly as a result of Plaintiff's service of its answers to Defendant's interrogatories on November 12, 2007, Plaintiff respectively requests that this Court deny and/or dismiss Defendant's motion for the reasons explained herein.

Submitted this 19th day of November, 2007,

s/ Richard M. Manzella

Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax     (815) 366-4800

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON FOLLICK, | ) Case No.: 07-CV-1133 |
| | ) |
| PLAINTIFF, | ) |
| v. | ) |
| | ) Civil Action |
| SEARS, ROEBUCK & CO. | ) |
| | ) |
| DEFENDANT. | ) <u>JURY TRIAL</u> |
| | ) <u>DEMANDED</u> |
| | ) |

**PROOF OF SERVICE**

I, Richard M. Manzella, certify that I served a copy of a document entitled *Response to Defendant's Motion to Compel* to the person(s) listed in the Service List, by placing a copy of the same in a correctly addressed postage paid envelope and placing said envelope in a U.S. Mailbox in Bloomington, Illinois before 5:30 p.m. on November 19, 2007.

**CERTIFICATION**

Under penalties of perjury, I certify that the statements set forth in the foregoing Proof of Service are true and correct.

s/ Richard M. Manzella

Richard M. Manzella

**SERVICE LIST**

Charles E. Reis, IV
BROWN & JAMES, P.C.
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, MO  63101
**creis@bjpc.com**

ATTORNEYS FOR SEARS, ROEBUCK & CO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON FOLLICK, | Case No.: 07-CV-1133 |
| PLAINTIFF, | |
| v. | Civil Action |
| SEARS, ROEBUCK & CO. | |
| DEFENDANT. | <u>JURY TRIAL DEMANDED</u> |

**PLAINTIFF'S ANWERS TO DEFENDANT'S FIRST INTERROGATORIES**

Now Comes Plaintiff, JASON FOLLICK, by and through his attorney of record and answers and otherwise responds to Defendant's first interrogatories as provided herein:

**To:  See attached Service List**

INTERROGATORIES

1. Please provide your full name, present address and telephone number; the place and date of your birth; any other names you have been known by or used; if you have ever been married, provide the name of each spouse and the date of the marriage; if you have ever been divorced, provide the year, county, and state where such divorce was entered; and state the full name, address and age of each of your children.

**ANSWER:** Jason Michael Follick, 316 S. Main, Minier, IL  61759 (309) 287-3763; St. Joseph Hospital: March 4, 1976; No aliases; Former spouse: Julie Sanders (May 24, 1997); Divorce: 1999, McLean County, Illinois; N/A.

2. Please provide the following information:
   a. Please specifically identify the nature of your alleged disability, including identifying the major life activity which you are substantially limited in the performance of due to the alleged disability.

**ANSWER:**  Plaintiff states that the answer to this interrogatory is contained in documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents   (See e.g., Group Ex. A, p. 84; Group Ex. B, p. 1).

   b. Please identify the name, address, telephone number, and position of each and every individual who allegedly has knowledge that Plaintiff was, during his

> employment with Sears, substantially limited in a major life activity because of an alleged disability.

**ANSWER:** Plaintiff states that the answer to this interrogatory is partially contained in documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents. See e.g., Group Ex. B, p. 1, Group Ex. C, p. 10). Plaintiff provides the attached written statement from Kenny Wright as an answer to this interrogatory. Plaintiff also answers as follows:

- Larry Hamusehild (Technician)
- Thomas Wallace (Technician)
- Ted Vulgamott (Technician)
- Brenda Miller (Auto Center Manager)
- Kenny Wright (Auto Center Manager)
- James Gordon (Technician and CSA)
- Jennifer Brook (CSA)
- Judd Fink (Technician)
- Kevin Byrnes (Technician)
- Brandon Lamkey (Technician)
- Patrick Livingston (CSM)
- Nate Frankfather (CSA – electronics)
- Tim Liedbig (District Manager)
- Michael Braum (Auto Center Manager)
- Cary McCarthy (Technician)

All of the above-named individuals are current or former employees of Defendant and therefore Plaintiff objects to providing the address and telephone number of said individuals as same would be unduly burdensome in light of the relative ease that Defendant could procure the requested information.

> c.   Please identify the name and address of each and every physician or other health care provider who has treated you for any condition for which you claim you are disabled or substantially limited in the performance of a major life activity; specify such condition for which you were treated; and the dates on which you received treatment.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained throughout documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents. See e.g., Group Ex. A, pp. 58-62, 65-238, 240-255, 256-266, 268-288; Group Ex. B, pp. 1, 5, 21, 25-39, 43-45, 48-55, 57-66, 68-81, 83-158; Group Ex. C, pp. 10-11, 15-17)  Plaintiff also provides the following as an answer to this interrogatory:

- Dr. Alexander Ghanayem
  Loyola University Medical Center

      2160 South First Avenue
      Maywood, IL  60153

- Center for Occupational Rehabilitation and Education
  CORE
  Alan Shaples
  1628 Commerce Parkway, Suite C
  Bloomington, IL  61704

- Dr. Patrick Elwood
  719 N. Kumpt Blvd Suite 100
  Peoria, IL  61605

- Dr. John Atwater
  St. Joseph Medical Center
  2502 E. Empire
  Bloomington, IL  61701

      d.      Please sign the attached medical and psychiatric releases.

**ANSWER:**  Plaintiff answers that the releases requested (excluding the psychiatric releases for the reasons noted in response to interrogatory number eighteen) are attached herein.

3.      Please provide the following information:
      a.      Please identify the name and address of each and every person at Sears that Plaintiff made aware of any disability, the date Plaintiff made each such person aware, and the nature of the disability Plaintiff made them aware of.

**ANSWER:**  Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory.  Plaintiff also answers that when he began his employment with Defendant in Wisconsin in 2004, his manager and other employees at the location were aware of his disability and associated work restrictions as well as the reasonable accommodations necessary for Plaintiff to perform the essential functions of his job.  This information was also communicated to Defendant upon Plaintiff's transfer to the Bloomington location for Defendant.  Plaintiff further provides the attached written statement from Kenny Wright as an answer to this interrogatory.  Plaintiff answers further that the individuals provided as an answer to interrogatory number 2(b) is also provided as an answer to this interrogatory.

      b.      Please identify the names, addresses, positions, and employers of any witnesses with knowledge that Plaintiff made Sears aware of any alleged disability.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 2(b) and 3(a) and incorporates by reference the attached statement from Kenny Wright as an answer to this interrogatory.

4. Please provide the following information:
    a. Please identify specifically any accommodations requested by Plaintiff from Sears for his alleged disability, the person to whom the request was made, the mode of the request (i.e. verbal or written), the date of the request, and the nature of the request.

**ANSWER:** Plaintiff answers that Michael Braum, Jackie [Last name unknown; HR Representative for Defendant in Madison, Wisconsin) and Kenny Wright (see attached statement) were informed of the accommodations requested consistent with his work restrictions by Plaintiff in both oral conversations and in writing at the time of Plaintiff's hire and/or transfer to Defendant's Bloomington location. Plaintiff does not possess any written documents pertaining to the written requests made at the time he was employed in Defendant's Madison, Wisconsin location and believes that these documents should have been provided pursuant to his personnel records request (See Group Ex. D: Plaintiff's response to Defendant's production request). Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory.

   b. With respect to any request for accommodations made by Plaintiff (as identified in subpart a of this Interrogatory), please state whether any response was made to each of the requests listed and if so, provide the name, address, and position of the person making the response; the date the response was made; the mode of the response; and the response made.

**ANSWER:** Plaintiff states that the individuals identified in response to Defendant's interrogatory 4(a) stated that there would not be any problems providing the requested accommodations. Plaintiff provides the attached written statement from Kenny Wright as an answer to this interrogatory. Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory.

   c. Please identify the name, address, position, and employer of any person who witnessed Plaintiff make any request for accommodation from Sears or any response by Sears to any request for accommodation.

**ANSWER:** Plaintiff provides the attached written statement from Kenny Wright as an answer to this interrogatory. Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory.

5. Please provide the following information:
    a. Please specifically identify the nature of any alleged perceived disability.

**ANSWER:** Plaintiff objects to this interrogatory in part because he is not in a position to "specifically identify the nature of any alleged perceived disability" as the same requires Plaintiff to speculate with specificity as to the opinions of employees of Defendant. Without waiving said objection, Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory.
Plaintiff further answers that he believes the investigation report of the Illinois Department of Human Rights supports an allegation that Ms. Woodworth perceived Plaintiff as disabled.

> b. Please identify the name, address, telephone number, and position of each and every current or former employee who allegedly perceived Plaintiff as disabled during his employment with Sears.

**ANSWER:** Plaintiff provides the attached written statement from Kenny Wright as an answer to this interrogatory. Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory. Responding further, Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 2(b).

> c. Please identify the name, address, telephone number, and position of each and every individual who allegedly has knowledge that Plaintiff was perceived as disabled during his employment with Sears.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 2(b).

6. Please provide the following information:
   a. Please specifically identify the nature of any disability Plaintiff alleges that he has a history of having.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 2(a). See also the documents previously provided as a response to Defendant's requests for the production of documents: Group Ex. C, pp. 10-11, 15-17.

> b. Please identify the name, address, telephone number, and position of each and every current or former employee of Sears who allegedly discriminated against Plaintiff because of his alleged history of disability.

**ANSWER:** Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory. Plaintiff answers further that the answer to this interrogatory is Molly Woodworth, Bloomington Store Manger for Defendant. Molly Woodworth transferred Plaintiff over the objections and protestations of Brenda Miller as

Plaintiff states that Ms. Miller objectively believed that Plaintiff was performing his job in a very satisfactory manner and that the accommodations previously provided to Plaintiff did not present an undue hardship to Defendant and that the accommodations were consistent with Plaintiff's restrictions. Plaintiff also provides the statement of Carey McCarthy (attached herein) as an answer to this interrogatory.

      c.      Please identify the name and address of each and every physician or other health care provider who has treated you for any condition for which you claim you have a history of disability.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 2(c).

      d.      Please identify the name, address, telephone number, and position of each and every individual with knowledge that Plaintiff was discriminated against during his employment with Sears because of a history of disability.

**ANSWER:** Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory. Plaintiff further provides answers Defendant's interrogatory 6(d): Brenda Miller (Auto Center Manager), Thomas Wallace (Technician), Ted Vulgamott (Technician), James Gordon (Technician and CSA), Jennifer Brook (CSA), Judd Fink (Technician), Patrick Livingston (CSM), Nate Frankfather (CSA in electronics), Carry McCarthy (Technician). Plaintiff provides the attached written statement from Kenny Wright and the individuals named within the statement as an answer to this interrogatory. All of the above-named individuals are current or former employees of Defendant and therefore Plaintiff objects to providing the address and telephone number of said individuals as same would be unduly burdensome in light of the relative ease that Defendant could procure the requested information.

      e.      Please sign the attached medical and psychiatric releases.

**ANSWER:** Plaintiff answers that the releases requested are attached herein.

7.      Please provide the following information:
      a.      Please identify the name, address, position, and telephone number of each and every current and former Sears' employee whom Plaintiff alleges discriminated against him on the basis of his alleged disability.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 6(d).

      b.      Please identify the name, address, position, and employer of any person who allegedly has knowledge that Sears discriminated against Plaintiff on the grounds of his alleged disability.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 6(d).

  c. Please identify any adverse actions Plaintiff alleges were taken against him because of his alleged disability.

**ANSWER:** Plaintiff incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory. Answering further, Plaintiff incorporates by references as an answer to this interrogatory the charge of discrimination filed with the Illinois Department of Human Rights and Plaintiff's complaint filed in the instant matter. Plaintiff further states that his decrease in pay and his transfer from a commissioned sales positions within the tire shop of Defendant's Bloomington Store to a non-commissioned CSA position in the Bloomington Store was an adverse employment action taken because of Plaintiff's disability.

8. Please provide the following information:
  a. Please identify the name, address, telephone number, and position of each and every current or former employee of Sears who allegedly retaliated against Plaintiff and identify the date and nature of each such allegedly retaliatory act.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 6(d).

  b. Please identify the name, address, telephone number, and position of each and every individual who allegedly has knowledge that Plaintiff was retaliated against during his employment with Sears.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 6(d).

9. If you or anyone on your behalf has obtained a statement or tape recording from any current or former agent, employee or representative of Sears concerning any of the allegations contained in your Complaint, please provide the name and address of the person who obtained the statement; the name and address of the person providing the statement; and if written or recorded in any manner, attach a copy of said statement; if oral, please state as accurately as possible exactly what the speaker said.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents (See e.g., Group Ex. C, pp. 20-21). Answering further, Plaintiff states that he is not in the possession of any tape recording from any current or former agent, employee or representative of Sears concerning any of the allegations contained in your Complaint.

10. If prior to, or subsequent to, the facts alleged in your Complaint, you ever made any claim or instituted a lawsuit for personal injury, discrimination, harassment or constitutional violations, made a claim for worker's compensation, or tiled a charge of discrimination with the Equal Employment Opportunity Commission or any similar state agency, please state for each lawsuit, claim or charge of discrimination: the date on which each lawsuit, claim or charge of discrimination was filed; the court or forum in which the lawsuit, claim or charge of discrimination was filed; the name of the party against whom it was filed; and the nature of the lawsuit, claim or charge of discrimination.

**ANSWER:** Plaintiff answers that he did file a charge with the Illinois Department of Human Rights relating to the claims that serve as the basis for the present complaint filed in the Central District of Illinois. Plaintiff further answers that he previously filed for two claims for Workers' Compensation: Employer: Jiffy Lube: No: 8985256 on December 20, 2001 and Casey's General Store: exact date and case number unknown.

11      If you have ever been convicted of a felony or misdemeanor or pleaded guilty to a crime consisting of a misdemeanor or felony, state the offense for which you were convicted or pleaded guilty, the date of said conviction or plea, and the specific name and address of the court where the conviction or plea was entered.

**ANSWER:** Plaintiff has no information responsive to Defendant's interrogatory number eleven.

12. Please state the name, address, occupation, and place of employment of each expert whom Plaintiff expects to call as an expert witness at trial, along with the qualifications of each such expert to give an opinion (if such information is available on an expert's curriculum vitae, you map attach a copy thereof in lieu of answering this Interrogatory).

**ANSWER:** Plaintiff has not obtained an expert upon whom Plaintiff expects to call as an expert witness at trial.

a. Please state all opinions of said expert, as well as the basis for forming those opinions, including, but not limited to, each and every Document reviewed by each expert witness in arriving at any opinion.

**ANSWER:** Plaintiff answers this interrogatory by reference to Plaintiff's response provided to the first part of Defendant's interrogatory number twelve.

13. Please provide the following information:
a. Please state the exact calculation for the damages that Plaintiff is seeking from Sears, specify the exact nature of those damages, and provide a calculation on how those damages were determined.

 **ANSWER:** Plaintiff seeks compensatory damages in the form of back pay from the date the trier of fact determines Defendant terminated Plaintiff by reason of the illegal actions of Defendant as alleged (or subsequently alleged) in complaint 07-CV-1133 filed in the Central

District of Illinois until the date of judgment, or two years, or the maximum period allowed by law at the time of the filing of the described Complaint for an award of back pay. Such back pay is calculated as the total remuneration for work provided (including sales commissions and/or bonuses earned) plus the monetary equivalent of the respective benefits of such employment (e.g., health insurance, holiday pay, vacation pay, pension or retirement contributions, etc.) to any one or more person(s) replacing Plaintiff's duties in whole or in part following the date of his termination through and including the date of a verdict in Plaintiff's favor. Plaintiff also provides the attached written document entitled "Flash/Daily Sales by Associate" (period 1/17/05 – 12/31/05) as an answer to this interrogatory. Such back pay includes remuneration for work previously paid in full or yet due plus the applicable interest rate. Plaintiff seeks front pay discounted for present value calculated from the date of judgment continuing until the tinge of the Defendant(s) wrongful actions no longer operates to reduce Plaintiff's earning below that level which he would have otherwise earned without the alleged wrongful action(s) of Defendant(s). Additionally, Plaintiff seeks the maximum amount of punitive damages available by statute (if any), reasonable attorney fees (calculated at an amount not less than $150/hour), costs of the suit, including but not limited to the costs associated with securing expert witnesses (if any), court filing fees, deposition costs and deposition transcripts, and any and all other expenses associated with the litigation and defined as "costs" by statute or case law; and any and all other available damages, in an amount determined by the trier of fact or judge pursuant to a finding of liability against Defendant and a finding of willfulness or other legal determination allowing an award of said type(s) of damages.

Plaintiff reserves the right to amend or supplement information relative to the nature and/or extent the basis of Plaintiff's claim(s) for damages as identified throughout the course of discovery in this case.

b. Please state the names and addresses of all persons who have knowledge of each element specified and specify generally what that person had knowledge of.

**ANSWER:** Plaintiff includes himself as an answer to this interrogatory (address provided herein). Plaintiff also incorporates by reference Group Ex. C, p. 32-33 (documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents) as a partial answer to this interrogatory. Plaintiff also incorporates by reference as an answer to this interrogatory the person who ran a written document entitled "Flash/Daily Sales by Associate" (period 1/17/05 – 12/31/05)(attached herein). All of the above-referenced individuals are believed to be current or former employees of Defendant and therefore Plaintiff objects to providing the address and telephone number of said individuals as same would be unduly burdensome in light of the relative ease that Defendant could procure the requested information.

14. Please state the name and address for each entity or person by whom you have been employed prior to or during your employment with Sears, including any periods of self-employment, providing the dates during which you were employed, your position and nature of work, your rate of compensation and the total gross income for each employer, your supervisor and your reason for leaving, and execute the attached employment authorization.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in documents previously provided to Defendant in Plaintiff's responses to Defendant first requests for the production of documents (See e.g., Group Ex. A, pp. 25-26, 30, 38-40). Plaintiff also provides as an answer to this interrogatory his resume previously provided as a response to Defendant's production request (Group Exhibit C., p. 8). Last, Plaintiff states that subsequent to his work for Defendant in the Bloomington store that he worked briefly at Meijer located at 1900 E. College Avenue, Normal, Illinois for $7.00/hour before accepting a position at Tuffy located at 1505 E. Vernon Avenue, Bloomington, Illinois for $10.00 as an assistant manager (Jeff Black and Dan Cameron – managers). Plaintiff is currently self-employed (beginning July 2007) as a non-union electrician working an average of forty hours per week with gross income of approximately five hundred dollars per week. Plaintiff further answers that the Employment Application Authorization is attached herein.

15. If you have sought or applied for any position of employment since April 1, 2006, please state for each prospective employer the nature of the employment sought, any position applied for and the name, and address of the prospective employer, the date of such application and the name of the person who accepted the application and/or interviewed you, whether an offer was received, and if so, the amount of compensation offered, and execute the attached employment application authorization.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 14.

16. If you have been employed or self-employed since April 1, 2006, please state for each employer, the nature of the employment, any position held, the dates of such employment, the salary received, any benefits received, and execute the attached employment records authorization forms.

**ANSWER:** Plaintiff states that the answer to this interrogatory is contained in Plaintiff's prior answer to Defendant's interrogatory 14. Answering further, Plaintiff states that his work for Tuffy provided life and health insurance benefits.

17. If you had any illness, injury or condition subsequent to or during your employment with Sears that prevented you from working or interfered with your ability to perform any or all positions of employment, state the nature of the illness, injury, or condition and if such injury, illness, or condition prevented you from working, state the duration thereof and state the name and address of any doctors or health care providers who have treated you for any injury or illness that has prevented you from working subsequent to or while you were employed with Sears and execute the attached medical authorization.

**ANSWER:** Plaintiff objects to this interrogatory in that it is vague, ambiguous and substantially overbroad. Further objecting, to the extent that the interrogatory is intended to reference a "condition" that includes the Plaintiff's alleged disability such interrogatory is substantially duplicative with other interrogatories submitted by Defendant herein (See e.g.,

interrogatories Nos. 2-6 inclusive)

18. In your Complaint, you allege that you have been subjected to emotional distress and allege that you are disabled. Please state the names and addresses of all psychiatrists, psychologists, counselors, physicians, hospitals or health care providers from whom you have been examined, received treatment or obtained counseling since January 1995 until the present and whether you have ever received psychiatric treatment or been confined to any psychiatric hospital or been examined for a psychiatric condition and execute the attached authorizations.

**ANSWER:** Plaintiff objects to this interrogatory in that it is substantially overbroad and unduly burdensome. Without waiving said objection, Plaintiff answers that he has not sought the treatment from psychologists or counselors and further states that he had not been confined to any psychiatric hospital or been examined for a psychiatric condition.
Plaintiff also provides as his answer to this interrogatory those physicians, hospitals or health care providers provided herein as an answer to Defendant's interrogatory 1(c) and/or otherwise referenced in Plaintiff's responses to Defendant first requests for the production of documents.

19. Please state if you have sought any counseling, psychiatric, or medical treatment for the emotional distress you allege in your Complaint and indicate whether you take any medication, prescription, or non-prescription, for the emotional distress you allege in your Complaint? If so, please identify such medication and the date(s) on which it was taken. Please sign the attached medical and psychiatric authorizations.

**ANSWER:** Plaintiff answers that he has not sought the treatment described in Defendant's interrogatory.

Submitted this 13th day of November, 2007,

*Richard M. Manzella*

Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax    (815) 366-4800

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON FOLLICK, ) | Case No.: 07-CV-1133 |
| ) | |
| PLAINTIFF, ) | |
| v. ) | Civil Action |
| ) | |
| SEARS, ROEBUCK & CO. ) | |
| ) | **JURY TRIAL** |
| DEFENDANT. ) | **DEMANDED** |
| ) | |

**PROOF OF SERVICE**

    I, Richard M. Manzella, certify that I served a copy of a document entitled *Plaintiff's Answers to Defendant's First Interrogatories* to the person(s) listed in the Service List, by e-mailing a full and complete copy of this twelve-page document (plus all referenced attachments) to the e-mail address of Defendant's counsel detailed below and by placing a complete copy of this document (and all referenced attachments) in a correctly addressed postage paid envelope and placing said envelope in a U.S. Mailbox in Bloomington, Illinois before 9:45 p.m. on November 13, 2007.

**CERTIFICATION**

    Under penalties of perjury, I certify that the statements set forth in the foregoing Proof of Service are true and correct.

*/s/ Richard M. Manzella*
_____

Richard M. Manzella

**SERVICE LIST**

Charles E. Reis, IV
BROWN & JAMES, P.C.
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, MO  63101
**creis@bjpc.com**

ATTORNEYS FOR SEARS, ROEBUCK & CO.